UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 18-10513-PSG (KSx)                                          Date: November 21, 2019

Title   *Lexington Luminance LLC v. Feit Electric Company, Inc.*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | XTR 11/20//2019 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Robert Katz | John Hintz |

**Proceedings:  MINUTES OF TELEPHONIC CONFERENCE RE: DISCOVERY DISPUTE**

Case called. Counsel state their appearances. The Court held a telephonic conference with counsel for Plaintiff Lexington Luminance LLC and Defendant Feit Electric Company, Inc., regarding the parties' disputes related to two issues: (1) Defendant's responses and objections to Plaintiff's First Set of Request for Production of Documents (Nos. 1-50) (the "RFPs"); and (2) Defendant's objections and responses to Plaintiff's First Set of Interrogatories (Nos. 1-12) (the "Interrogatories").

After further discussion with the parties and hearing the arguments and statements of counsel, the Court rules as follows:[1]

1. **Plaintiff's RFPs Set One**

With respect to the RFPs, Plaintiff acknowledges that Defendant timely objected to the requests and stated that it would search for and produce documents subject to its objections. However, Plaintiff contends that Defendant has not yet produced any documents and failed to indicate in its written responses, as required by Federal Rule of Civil Procedure 34, whether Defendant is withholding documents based on its stated objections. Defendant clarifies that it has

---

[1]   A magistrate judge has discretion to resolve a discovery dispute through informal conference without a formal motion.  *See* FED. R. CIV. P. 16, Advisory Committee Notes to 2015 Amendment ("Many judges who hold such conferences find them an efficient way to resolve most discovery disputes without the delay and burdens attending a formal motion, but the decision whether to require such conference is left to the discretion of the judge in each case.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-10513-PSG (KSx)                                         Date: November 21, 2019

Title   *Lexington Luminance LLC v. Feit Electric Company, Inc.*

complied with Rule 34 by indicating, where it has such information, whether it was withholding documents based on its objections, but defense counsel indicates that because Defendant has just begun to search for responsive documents, it cannot know with precision what, if any, further documents may be withheld.

The Court notes that the RFPs were only served on October 11, 2019, and Defendant served its responses and objections on November 11, 2019, a little over a week before this conference. Accordingly, the Court emphasizes that there has not yet been sufficient time for Defendant to undertake a fulsome search for, review, and produce documents in response to the RFPs. Defense counsel indicates the search is underway, but he cannot determine a date certain for the commencement or completion of production.

After further discussion with the parties, the Court emphasizes the need to keep discovery moving apace in this patent infringement action and, therefore, orders the parties to meet and confer **no later than November 29, 2019** to identify an agreed list of search terms and an initial list of custodians to guide the search for responsive electronically stored information, including, but not limited to email.

The Court schedules a follow-up discovery conference call for **Tuesday, December 10, 2019 at 3:00 p.m.** to discuss the status of document production.

**2. The Interrogatories**

Plaintiff served the Interrogatories on October 11, 2019 and Defendant timely served written objections and responses to the Interrogatories on November 11, 2019. Defendant objects to the Interrogatories, that while Plaintiff only numbered 12 interrogatories, the inclusion of multiple subparts with each numbered interrogatory results in far more individual interrogatories than the 25 interrogatories allowed under Federal Rule of Civil Procedure 33.[2] Plaintiff, relying largely on *Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) responds that subparts are properly considered part of a single interrogatory when the additional information sought in the subpart relates to the "common theme" of the interrogatory. By way of example, Interrogatory No. 1 requests the following:

---

[2]   Rule 33 provides, in relevant part, "[u]nless otherwise stipulated or ordered by the court a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." FED. R. CIV. P. 33(a)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-10513-PSG (KSx)                                                      Date: November 21, 2019

Title     *Lexington Luminance LLC v. Feit Electric Company, Inc.*

>    INTERROGATORY NO. 1: For each of the Accused Products, disclose for (1) each Accused Product, (2) each LED Assembly used in the Accused Product, and (3) each LED used in the Accused Product: Defendant's identifying names and part numbers, and, if Defendant is not the manufacturer, Identify the manufacturer and the manufacturer's part numbers; and the quantities of each of the foregoing parts used in each Accused Product; and Identify the two persons most knowledgeable about the facts underlying your answer and documents related thereto, and supporting Documents, if any, used to respond to this Interrogatory. Please identify each Accused Product using Defendant's identifying name and part/model number.

Plaintiff contends that all of the information sought relates to the single common theme of identifying Accused Products and therefore should be counted as a single interrogatory.

>    **a. Applicable Legal Principles**

In *Safeco*, decided after the 1993 amendments to the Federal Rules of Civil Procedure, the court noted there is no bright line test to definitively determine when interrogatory subparts are sufficiently "subsumed within and necessarily elated to the primary question" be counted as one interrogatory. *Safeco,* 181 F.R.D. at 445. Nevertheless, *Safeco* also observed that at least one district court reasoned that one method to determine whether subparts properly constitute a single interrogatory is to examine "whether the second question is secondary to the primary question or whether the second question can "stand alone" or is "independent of the first question." *Id.* (*citing Kendall v. GES Exposition Servs., Inc.,* 174 F.R.D. 684, 685 (D. Nev. 1997)). More recent decisions in this Circuit stress that the analysis of what constitutes discrete interrogatory subparts, particularly in patent cases, is a case-specific inquiry. *See Synopsys, Inc. v. ATop Tech, Inc.*, 319 F.R.D. 293, 295 (N.D. Cal. 2016) (citing *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 197 (E.D. Tex. 2016)).

>    In cases where, as here, a single interrogatory seeks facts, documents, and witnesses, courts in this district have concluded that each area of inquiry should be counted as separate interrogatories. *Superior Commc'ns v. Earhugger*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (denying motion to compel responses to interrogatories that combined in single interrogatory demand for information with demand for documents). Other courts have reasoned similarly. *See, e.g.*, *United*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.　CV 18-10513-PSG (KSx)　　　　　　　　　　　　Date: November 21, 2019

Title　　*Lexington Luminance LLC v. Feit Electric Company, Inc.*

*States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc*., 235 F.R.D. 521, 527 (D.D.C. 2006) ("[T]he interrogatory may properly seek identification of documents and facts supporting a contention, but it may not do so in a single interrogatory.").

    **b. Discussion**

After reviewing the Interrogatories, Defendant's Objections and Responses, and hearing the statements of counsel during the conference, in the circumstances presented here, the Court finds the analyses in *Kendall* and *Superior Communications* persuasive.

To the extent the Interrogatories seek facts identifying, for example, the Accused Products, and include subparts seeking further details regarding product part numbers and manufacturers of those products, these subparts pertain to the primary question of the interrogatory and can be properly considered part of a single interrogatory. But insofar as the interrogatory also demands the identification of knowledgeable witnesses and identification of documents, these are discrete stand-alone questions that should count as separate interrogatories for purposes of Rule 33's limitation.

Accordingly, the Court directs Plaintiff to serve an amended First Set of Interrogatories that is compliant with Rule 33. Further, given the number and complexity of accused products at issue, the Court will permit each party to serve a maximum of thirty-five (35) interrogatories without further leave from the Court.

    **IT IS SO ORDERED.**

                                                                            : 46 mins
                                        **Initials of Preparer**   gr