UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 18-10513-PSG (KSx) Date: July 21, 2020

Title *Lexington Luminance LLC v. Feit Electric Company, Inc.*

Present: The Honorable: Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings: (IN CHAMBERS) ORDER RE: PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY [DKT No. 97]**

Before the Court for decision is Plaintiff Lexington Luminance LLC's ("Lexington's" or "Plaintiff's') Third Motion to Compel Discovery, filed on May 1, 2020 in the Joint Stipulation format ("Joint Stip.") pursuant to Local Rule 37-2 (the "Motion"). (Dkt. No. 97.) On May 15, 2020, the Court deemed the Motion suitable for decision without oral argument and took the matter under submission. (Dkt. No. 111.)

For the reasons outlined below, the Motion is GRANTED.

## RELEVANT BACKGROUND

The Court gave a detailed summary of the allegations of the operative First Amended Complaint ("FAC") in this patent infringement action in a June 12, 2020 Order on Defendant Feit Electric Company's ("Defendant's" or "Feit's") Motion to Compel. (Dkt. No. 119.)[1] Thus, Court assumes the parties are familiar with those allegations and will not repeat them here.
//

[1] The instant Motion is the fourth of five separate motions to compel filed by the parties. (*See* Dkt. Nos. 94, 95, 96, 97, and 116.) The briefing and related exhibits for the five motions to compel comprised 1,599 pages. With this Motion, which concerns a single interrogatory, the parties' Joint Stipulation and related exhibits totaled 230 pages. (*See* Dkt. No. 97.)

Lexington propounded Amended Interrogatory No. 7, the single interrogatory at issue in the Motion, on November 21, 2019. (Joint Stip. at 10.) Feit served objections to Interrogatory No. 7 but, despite numerous meet and confer efforts, has refused to date to provide a substantive response to Interrogatory No. 7. (*Id.* at 10-11.)

## I. Disputed Discovery Request

The disputed discovery request and Feit's objections are as follows:

**Plaintiff's Interrogatory No. 7**

State in detail all facts that support or refute Your contention that You do not infringe, directly or indirectly, any asserted claim of the Patent-in- Suit, include an identification of the claim element(s) that You allege are not included in each Accused Product, and explain in detail why each such element is not satisfied (both literally and under the doctrine of equivalents) for each claim and each Accused Product.

**Feit's Objections and Response to Interrogatory No. 7**

Feit Electric repeats its objections set forth in its "Objections to the 'Definitions,'" "Objections to the 'Instructions,'" and "General Objections to the 'Requests for Production,'" above.

Feit Electric further objects to Interrogatory No. 7 as seeking discovery that places an undue burden on Feit Electric, does not have any relevance to any party's claim or defense, and is not proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1). Plaintiff has identified forty-four (44) Accused Products. Each of Feit Electric's Accused Products might be made by more than one manufacturer and might be made with LEDs or LED packages from one or more sources. At least some of the LEDs or LED packages used in Feit Electric products might not be used in any of the Accused Products. Furthermore, at least some of these LEDs and LED packages are not relevant to this action because Feit Electric is informed

and believes that Plaintiff has licensed the '851 Patent to one or more of Feit Electric's suppliers. Without any further narrowing as to which LEDs or LED packages are used in Feit Electric's Accused Products, Interrogatory No. 7 places an undue burden on Feit Electric that is not justified or relevant to Plaintiff's claims.

Feit Electric further objects to Interrogatory No. 7 as seeking discovery that places an undue burden on Feit Electric, does not have any relevance to any party's claim or defense, and is not proportional to the needs of the case to the extent the interrogatory asks Feit Electric to identify "all facts that support or refute" specified topics. See Fed. R. Civ. P. 26(b)(1) and 26(c)(1). A requirement that Feit Electric provide a written response in which it identifies "all facts that support or refute" specified topics is inherently oppressive, especially at this stage of the action. Feit Electric will identify such facts of which it is aware at the appropriate time or times as governed by the Federal Rules of Civil Procedure, the local rules, the case schedule set by the Court for this action (which has yet to be entered), and any other relevant orders of the Court.

Feit Electric further objects to the extent that Interrogatory No. 7 as premature in seeking discovery that is properly the subject of expert discovery.

Without waiving or limiting any of its objections, Feit Electric responds as follows and might provide a further response once claim construction is complete. Plaintiff has the burden of proof on its claim of patent infringement. Plaintiff must first identify the patent claims at issue, and then explain and support its claims before Feit has any obligation to respond. To date, Plaintiff only has identified "at least Claim 1" as a claim that Plaintiff contends is infringed. Feit will provide responsive information as required under the Federal Rules of Civil Procedure, the local rules, the case schedule set by the Court for this action (which has yet to be entered), and any other relevant orders of the Court. Feit Electric also states that responsive documents will be produced in accordance with Feit Electric's objections and responses to Plaintiff's First Set of Document Requests. Once Lexington has reduced the number of interrogatories to be thirty-five

> or fewer as required by the Court, Feit Electric might provide a further response. At present, because Feit Electric believes that some or all of the answers to this interrogatory "may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information)" and that "the burden of deriving or ascertaining the answer will be substantially the same for either party," Feit reserves the right to identify responsive documents once those documents have been produced in discovery (see Fed. R. Civ. P. 33(d)(1)) or to make responsive documents available for inspection by Plaintiff (see Fed. R. Civ. P. 33(d)(2)).

(Joint Stip. at 10-11.)

## II. The Positions of the Parties

### A. Lexington's Arguments

Plaintiff contends that Feit's refusal to respond to Interrogatory No. 7 is yet another instance of Feit's efforts to delay the litigation by stonewalling the discovery process. (Joint Stip. at 4.) Lexington argues that Feit's objections should be overruled because the information sought is relevant and proportionate to the needs of the case; Feit fails to demonstrate any burden imposed by Interrogatory No. 7; and contrary to Feit's objection that the interrogatory prematurely seeks expert testimony, Lexington emphasizes that the interrogatory seeks factual information not expert opinion. (*Id*. at 12-13.) Lexington argues that to the extent the interrogatory asks for facts or the application of law to facts, Interrogatory No. 7 is "entirely proper" under Rule 33(a)(2). (*Id*. at 12.)

### B. Feit's Arguments

Feit, as it has maintained in previous discovery motions, argues that Lexington has impeded Feit's ability to fully respond to discovery requests, including Interrogatory No. 7, by refusing to provide the lot codes of the Accused Products. (Joint Stip. at 4.) Feit contends that "Lexington also continues to ignore that discovery is a process – one that takes time, even under the best circumstances and even more so due to COVID-19. (*Id*.) Feit further contends that the discovery

sought is neither relevant, nor proportionate to the needs of the case. (*Id.* at 10.) Moreover, Feit maintains that request for information concerning its non-infringement is premature and calls for expert opinion testimony and expert discovery has not yet commenced.

## LEGAL STANDARD

Rule 26 permits discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Rule 26(b)(1) identifies six factors to be considered when determining if the proportionality requirement has been met, namely, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Relevant information need not be admissible to be discoverable. *Id.*

Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). District courts have broad discretion in controlling discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

When considering a motion to compel, the Court has similarly broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett,* 296 F.3d at 751). In resolving discovery disputes, the court may exercise its discretion in "determining the relevance of discovery requests, assessing oppressiveness, and weighing those facts in deciding whether discovery should be compelled." *Unilin Beheer B.V. v. NSL Trading Corp,* Case No. CV 14-2210-BRO (SSx), 2015 WL 12698382, at *4 (C.D. Cal. Feb. 27, 2015) (citing *Favale v. Roman Catholic Diocese of Bridgeport,* 235 F.R.D. 553, 558 (D. Conn. 2006) (internal quotation marks omitted)).
//
//
//
//
//

## DISCUSSION

### I. Interrogatory No. 7 Seek Information that is Relevant and Proportionate

The discovery sought here is highly relevant to the infringement claims and defenses at issue in the action. (FAC at ¶ 12 [Dkt. No. 38].) Also, because Interrogatory No. 7 seeks facts concerning the Accused Products as specifically identified in the FAC, the Court finds that the discovery is proportionate to the needs of the case. The Court reaches this conclusion after considering the importance of the issues at stake in the case, the amount in controversy, Feit's access to the relevant information about its *own* products, and the importance of the discovery in resolving the issues. *See* FED. R. CIV. P. 26(b)(1).

Lexington is entitled to a complete, verified response to Interrogatory No. 7. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11–CV–01846–LHK, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012) ("[T]he parties needed to crystallize and disclose their theories and contentions in a timely manner. [Defendant's] failure to timely disclose its amended answers to contention interrogatories until after the close of fact discovery impeded [plaintiff's] ability to conduct fact discovery on the undisclosed theories.").

### II. Interrogatory No 7 is Not Premature and Feit's Refusal to Answer is Improper

Feit interposed a litany of objections to Interrogatory No. 7 but fails to make a persuasive showing that would lead the Court to sustain those objections. As an initial matter, while Feit invokes the specter of the ongoing Covid-19 pandemic, Feit offers no evidence whatsoever to show how the public health crisis has impeded its ability to provide a complete response to Interrogatory No.7. Lexington propounded Amended Interrogatory No. 7 on November 21, 2019—months before the pandemic began. (*See* Joint Stip. at 10.)

As to burden, Feit presents no evidence of any burden that Feit would shoulder if required to answer Interrogatory No. 7. (Joint Stip. at 10.) Feit also claims that because Interrogatory No. 7 seeks "all facts" it is "inherently oppressive, especially at this stage of the action." (*Id.* at 16.) Not so. Rule 33(a) specifically permits contention interrogatories that seek facts and/or ask for the application of law to fact. FED. R. CIV. P. 33(a)(2)1); *Krawczyk v. City of Dallas*, No. 03-cv-0584, 2004 WL 614842, at *2 (N.D. TX Feb. 27, 2004) ("A party's opinions and contentions are discoverable by interrogatory.").

In patent infringement actions, courts have generally found that a non-infringement contention interrogatory is appropriate after substantial discovery has occurred. *HTC Corp. v. Technology Properties, Ltd.*, No. CO8-882, 2011 WL 97787 at *2 (N.D. Cal. Jan. 12, 2011) (internal citation omitted). Here, notably, Lexington has already served its preliminary infringement contentions. (Joint Stip. at 19.) Moreover, in *HTC Corp.*, the court noted that even in the early stage of a case, a contention interrogatory can be appropriate when the responses to the interrogatory would meaningfully contribute to clarifying the issues in the case or narrowing the scope of the dispute. *HTC Corp.*, 2011 WL 97787 at *2.

Feit argues that if required to provide a response to Interrogatory No. 7 now, it would not serve to clarify the issues, but "would unfairly prejudice Feit Electric by requiring it to rush to provide facts before sufficient fact-gathering has occurred." (Joint Stip. at 18.) But then Feit appears to "hedge its bets" by also stating it "*might* provide a further response once claim construction is complete." (*Id.* at 11 (emphasis added).) Feit's conditional response and myriad objections are evasive and improper. Feit must respond with the information that is currently available to it and, consistent with the Federal Rules of Civil Procedure, must supplement its response if, when, and as, further information becomes available and/or known to it. FED. R. CIV. P. 26(e) (duty to supplement).

Feit also insists that it cannot respond to the interrogatory unless and until Lexington provide the lot codes. (Joint Stip. at 10.) That issue is now moot. In briefing related to a prior motion to compel, Feit acknowledged that it now has the lot codes. (*See* Dkt. No. 95 at p. 33 (Feit stating "now that Lexington provided the lot codes of the Accused Products (a few weeks ago), Feit Electric can investigate, and is investigating, to attempt to obtain facts [to supplement its discovery responses]. . .").) Finally, Feit argues that Interrogatory No. 7 prematurely seeks expert opinions. This objection too is overruled. The interrogatory seeks facts related to Feit's non-infringement contentions. While experts for both sides may later provide opinion testimony about those contentions, any facts the experts will rely upon must be produced during fact discovery.

Accordingly, the Motion is GRANTED as to Interrogatory No. 7.

## III. Lexington is Entitled to Reasonable Fees in Bringing the Motion

Rule 37(a)(5)(A) provides that when, as here, a motion to compel is granted in the entirety "the court must, after giving an opportunity to be heard, require the party or deponent whose

conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV P. 37(a)(5)(A). Under Rule 37, the award of reasonable fees is mandatory unless the court finds that the conduct necessitating the motion was substantially justified or harmless. Here, the Court finds that Feit's conduct in refusing to response to Interrogatory No. 7 was neither substantially justified nor harmless. Feit's unsupported objections and refusal to respond to the straightforward interrogatory have needlessly delayed essential discovery.

Accordingly, the Court must, after a hearing on the matter, award Lexington its reasonable expenses, including attorney's fees, incurred in bringing the Motion. Plaintiff may seek its fees incurred in bringing the Motion by regularly noticed motion with supporting documentation.

## CONCLUSION

For the reasons outlined above, IT IS HEREBY ORDERED THAT the Motion is GRANTED in its entirety. Within **fourteen (14) days** of the date of this Order, Feit shall serve a verified supplemental response to Interrogatory No. 7 that fully responds to the interrogatory.

Further, pursuant to Rule 37(a)(5)(A), Lexington may bring a regularly noticed motion for its reasonable expenses, including attorney's fees, incurred in bringing the Motion and shall set the motion for hearing according to the Court's regular hearing schedule.

**IT IS SO ORDERED.**

:

**Initials of Preparer** gr