UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 18-10513-PSG (KSx) Date: August 10, 2020

Title *Lexington Luminance LLC v. Feit Electric Company, Inc.*

---

Present: The Honorable: Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings: (IN CHAMBERS) ORDER RE: PLAINTIFF'S FOURTH MOTION TO COMPEL (DKT No . 116)**

Before the Court for decision of Plaintiff Lexington Luminance LLC's ("Plaintiff's" or "Lexington's") Fourth Motion to Compel filed in the joint stipulation format ("Joint Stip.") pursuant to Local Rule 37-2 on June 8, 2020 (the "Motion"). (Dkt. No. 116.) On June 15, 2020, Plaintiff filed a Supplemental Memorandum in support of the Motion. (Dkt. No. 120.) Defendant Feit Electric Company, Inc. ("Defendant" or "Feit") filed no supplemental memorandum. The matter is now fully briefed and the Court finds the Motions suitable for resolution without oral argument.

For the reasons outlined below, the Motion is GRANTED in part and DENIED in part.

## RELEVANT BACKGROUND

The Court previously gave a detailed summary of the allegations of the operative First Amended Complaint ("FAC") in this patent infringement action matter in a June 12, 2020 Order on Defendant's Motion to Compel. (Dkt. No. 119.) Therefore, the Court assumes the parties are familiar with those allegations and will not repeat them.[1]

//
//
//

---

[1] The Motion is the fifth of five motions to compel filed by the parties. (*See* Dkt. Nos. 94, 95, 96, 97, and 116.)

**DISPUTED DISCOVERY REQUESTS**

The Motion presents two issues concerning alleged deficiencies in Defendant's: (1) responses to Lexington's Second Set of Requests for Production ("RFPs") (Nos. 51-75); and (2) Lexington's Second Set of Interrogatories (Nos. 13-14).

**A. Lexington's RFP Nos. 51-75 and Feit's Responses/Objections**

Lexington served RFP Nos. 51-75 on April 1, 2020 and on April 30, 2020 Feit served objections and has, to date, produced no documents. (Joint Stip. 1.) Lexington complains that Feit's responses to all of RFP Nos. 51-75 are deficient (*Id.* at 13.) The Joint Stipulation, however, sets out the complete text of and Feit's responses to RFP Nos. 51, 52, 55, 63-66. (*Id*. at 5-12.) These responses and objections are listed below. Nevertheless, in its analysis, the Court discusses each of the RFPs and interrogatories.

Because of the number of RFPs in dispute and the voluminous, repetitive nature of Feit's objections and responses, the Court here lists each of the RFPs identified in the Joint Stipulation and Feit's complete objections and response to RFP No. 51. For the remaining RFP objections and responses, the Court recites only the non-repetitive portions of Feit's objections and responses.

REQUEST FOR PRODUCTION NO. 51:
Documents sufficient to identify any other products that include the same LED Components used in any of the Accused Products.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 51:
Feit Electric repeats its objections set forth in its "Objections to the 'Definitions,'" "Objections to the 'Instructions,'" and "General Objections to the 'Requests for Production,'" above. Feit Electric further objects to this request as unduly burdensome, as seeking information that is not relevant to any party's claim or defense, and as not being proportional to the needs of the case. *See* FED. R. CIV. P. 26(b)(1). Plaintiff has identified forty-four (44) Accused Products by name and model number, and, only recently, by lot number (see Feit Electric's objection to Definition No. 12, above) and that identification sets the outer bounds of relevance. This request seeks documents outside the scope of discovery as it seeks documents related to Feit Electric products that have not been properly accused in infringement allegations or contentions. Furthermore, because each of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 18-10513-PSG (KSx) Date: August 10, 2020

Title *Lexington Luminance LLC v. Feit Electric Company, Inc.*

Feit Electric products may be made at more than one factory and may be made with LED dies and/or LED packages from one or more sources, at least some of the "LED Components," as Plaintiff defined that term, used in Feit Electric products may not be included in Plaintiff's infringement allegations, and at least some of the "LED Components" are not relevant because Plaintiff has licensed the '851 Patent to one or more of Feit Electric's suppliers. Feit Electric further objects to the extent Plaintiff seeks documents not in Feit Electric's possession, custody, or control. For some of its products, Feit Electric may not have sufficient documents to determine the identity of the source or manufacturer of any "LED Component" because Feit Electric purchases some, but not all "LED Components," directly. In other cases, that information may only be in the possession of Feit Electric's contract manufacturers. Without waiving or limiting any of its objections, Feit Electric states that it will produce non-privileged, non-immune responsive documents that are located after a reasonable search or will list withheld documents in accordance with the Federal Rules of Civil Procedure and the schedule and procedures established by the Court for this action.

REQUEST FOR PRODUCTION NO. 52: For each Accused Product, documents sufficient to identify each Product Lot Number of that product.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 55:
[. . . ]
Feit Electric further objects to the extent Plaintiff seeks documents not in Feit Electric's possession, custody, or control. Feit Electric does not maintain a database of lot codes of its products. The lot codes for each Feit Electric product are assigned by the contract manufacturers. Feit Electric states that, based on its current, best information, Feit Electric has some lot code information for some products, but not for all products. Feit Electric states that lot code information for the Accused Products is equally available to Plaintiff. (*See* LEX011667 to LEX015817 and FEIT2-0217 to FEIT2-0218).

REQUEST FOR PRODUCTION NO. 55: For each Product Lot Number used for any of the Accused Products, documents sufficient to identify the Bill-of-Material Identifier(s) for each Product Lot Number.
//
//
//
//
//

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 55:
[…]
Plaintiff has identified forty-four (44) Accused Products by name and model number, and, only recently, by lot number (see Feit Electric's objection to Definition No. 12, above) and that identification sets the outer bounds of relevance. Furthermore, because each of Feit Electric products may be made at more than one factory and may be made with LED dies and/or LED packages from one or more sources, at least some of the LED dies and/or LED packages used in Feit Electric products may not be included in Plaintiff's infringement allegations, and at least some of the LED dies and LED packages are not relevant because Plaintiff has licensed the '851 Patent to one or more of Feit Electric's suppliers. Feit Electric further objects to the extent Plaintiff seeks documents not in Feit Electric's possession, custody, or control. Feit Electric does not maintain a database of lot codes of its products, nor can it search its bills of materials by lot code. Feit Electric further objects to the extent Plaintiff seeks documents already in its possession. This request is subsumed by Request for Production Nos. 4 and 53. All bill of material identifiers are in the bills of materials that have already been produced. (*See* FEIT2-0123 to FEIT2-0213). Feit Electric states that, based on its current information based on reasonable inquiry, Feit Electric is not in possession, custody, or control of any such documents, but in an abundance of caution and in accordance with Fed. R. Civ. P. 34(b)(2)(C), Feit Electric states that although it does not know for certain that Feit Electric is in possession, custody, or control of documents that are responsive to this request, if it is, then Feit Electric is withholding those documents on the basis of these objections

REQUEST FOR PRODUCTION NO. 63: Documents sufficient to determine the total revenue generated by You from sales of products that include the same LED Part Number as the LED Part Number used for any of the Accused Products.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 63:
[….]
Plaintiff has identified forty-four (44) Accused Products by name and model number, and, only recently, by lot number (see Feit Electric's objection to Definition No. 12, above) and that identification sets the outer bounds of relevance. This request seeks documents outside the scope of discovery as it seeks documents related to Feit Electric products that have not been properly accused in infringement allegations or contentions. Furthermore, because each of Feit Electric products may be made at more than one factory and may be made with LED dies and/or LED packages from one or more sources, at least some of the LED dies and LED packages used in Feit Electric products models named by Plaintiff may not be accused and at least some of the LED dies and LED packages are not relevant to this case because Plaintiff has licensed the '851 Patent to one or more of Feit Electric's suppliers. Feit Electric further objects to the extent Plaintiff seeks

documents not in Feit Electric's possession, custody, or control. For some of its products, Feit Electric may not have sufficient documents to determine the identity of the source or manufacturer of any "LED Component" because Feit Electric purchases some, but not all "LED Components," directly. In other cases, that information may only be in the possession of Feit Electric's contract manufacturers. Feit Electric states that, based on its current information based on reasonable inquiry, Feit Electric is not in possession, custody, or control of any such documents, but in an abundance of caution and in accordance with Fed. R. Civ. P. 34(b)(2)(C), Feit Electric states that although it does not know for certain that Feit Electric is in possession, custody, or control of documents that are responsive to this request, if it is, then Feit Electric is withholding those documents on the basis of these objections.

REQUEST FOR PRODUCTION NO. 64: For each Product Lot Number of each Accused Product, Documents sufficient to determine the total revenue generated by You from sales of products that include the same LED Part Number as the LED Part Number used for any of the Accused Products.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 64:
[….]
Feit Electric further objects to the extent Plaintiff seeks documents not in Feit Electric's possession, custody, or control. For some of its products, Feit Electric may not have sufficient documents to determine the identity of the source or manufacturer of any "LED Component" because Feit Electric purchases some, but not all "LED Components," directly. In other cases, that information may only be in the possession of Feit Electric's contract manufacturers. Feit Electric states that, based on its current information based on reasonable inquiry, Feit Electric is not in possession, custody, or control of any such documents, but in an abundance of caution and in accordance with Fed. R. Civ. P. 34(b)(2)(C), Feit Electric states that although it does not know for certain that Feit Electric is in possession, custody, or control of documents that are responsive to this request, if it is, then Feit Electric is withholding those documents on the basis of these objections..

REQUEST FOR PRODUCTION NO. 65: For each Product Lot Number of each Accused Product, documents sufficient to determine the total revenue generated by You from sales of products.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 65:
[. . . .]
Feit Electric further objects to this request as vague and ambiguous with respect to the phrase "the total revenue by You from sales of products." Feit Electric interprets this phrase to be "the total revenue received by You from sales of Accused Products." Feit Electric further objects to this request as unduly burdensome, as seeking information that is not relevant to any party's claim or

defense, and as not being proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1). Plaintiff has identified forty-four (44) Accused Products by name and model number, and, only recently, by lot number (see Feit Electric's objection to Definition N. 12, above) and that identification sets the outer bounds of relevance. Furthermore, because each of Feit Electric products may be made at more than one factory and may be made with LED dies and/or LED packages from one or more sources, at least some of the LED dies and LED packages used in Feit Electric products may not be included in Plaintiff's infringement allegations, and at least some of the LED dies and LED packages are not relevant because Plaintiff has licensed the '851 Patent to one or more of Feit Electric's suppliers. Feit Electric further objects to the extent Plaintiff seeks documents not in Feit Electric's possession, custody, or control. Feit Electric does not track revenue by lot codes and does not maintain a database of lot codes for its products. Feit Electric states that, based on its current information based on reasonable inquiry, Feit Electric is not in possession, custody, or control of any such documents, but in an abundance of caution and in accordance with Fed. R. Civ. P. 34(b)(2)(C), Feit Electric states that although it does not know for certain that Feit Electric is in possession, custody, or control of documents that are responsive to this request, if it is, then Feit Electric is withholding those documents on the basis of these objections. Feit Electric further states that it has produced and will produce documents showing sales revenues (and other financial information) for Accused Products (in general, not by "Product Lot Number") about which Lexington has made proper infringement contentions.

REQUEST FOR PRODUCTION NO. 66: For each Product Lot Number of each Accused Product, documents sufficient to determine Your per piece costs for the LED Components.

OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 66:
[….]
Feit Electric further objects to the extent Plaintiff seeks documents not in Feit Electric's possession, custody, or control. Feit Electric does not track revenue by lot codes and does not maintain a database of lot codes for its products. Additionally, for some of its products, Feit Electric purchases the product from its contract manufacturers as a finished product, with no information regarding the costs of any "LED Components." Feit Electric states that, based on its current information based on reasonable inquiry, Feit Electric is not in possession, custody, or control of any such documents, but in an abundance of caution and in accordance with Fed. R. Civ. P. 34(b)(2)(C), Feit Electric states that although it does not know for certain that Feit Electric is in possession, custody, or control of documents that are responsive to this request, if it is, then Feit Electric is withholding those documents on the basis of these objections[.]
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 18-10513-PSG (KSx) Date: August 10, 2020

Title *Lexington Luminance LLC v. Feit Electric Company, Inc.*

**B. Lexington's Interrogatories No. 13-14 and Feit's Responses/Objections**

INTERROGATORY NO. 13: Please provide in table form the quantity of Accused Products sold for each different LED Part Number used in the Accused Product. If, and to the extent that you do not track or maintain the requested information regarding the quantity of sales for each Accused Product, you are requested to provide the quantity of Defendant's purchases of the Accused Products from its suppliers.

[exemplar of table format for requested information]

OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:

[General Objections]

Feit Electric further objects to the first sentence (first subpart) of this interrogatory to the extent it seeks information that is not within Feit Electric's possession, custody, or control. Feit Electric does not know the "LED Part Numbers" (as that term is defined in the Second Set of Interrogatories) actually used in all of the Accused Products. For some of its products, which may or may not include one or more of the Accused Products, Feit Electric knows which "LED part numbers" could be used based on one or more bills of materials. For some time period, Feit Electric might have information about which particular "LED Part Number" actually was used in particular products, but that information is not maintained in an easily accessible format and is not complete for all Accused Products or for all times to this lawsuit. Feit Electric further objects to the second sentence (second subpart) of this interrogatory as vague and ambiguous with respect to the phrase "provide the quantity of Defendant's purchases of the Accused Products from its suppliers." Feit Electric does not purchase all of the Accused Products from suppliers, and thus, Feit Electric interprets the interrogatory to relate to those Accused Products that are "finished goods" that Feit Electric purchases from others. Feit Electric further objects to this interrogatory as to both sentences (both subparts) as unduly burdensome and imposing undue burden and expense on Feit Electric to the extent the interrogatory is construed or intended to require Feit Electric to generate documents or collect information in a format or formats that Feit Electric does not generate or collect in the ordinary course of its business (i.e., "a table in the following form"). See Fed. R. Civ. P. 26(b)(1). Subject to these objections, Feit Electric responds as follows. At present, because Feit Electric believes that some of the answers to this interrogatory "may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information)" and that "the burden of deriving or ascertaining the answer will be substantially the same for either party," Feit Electric reserves the right to identify responsive documents and things once those documents and things have been produced in discovery (*see* FED.

R. CIV. R. 33(d)(1)) or to make responsive documents or things available for inspection by Plaintiff (see Fed. R. Civ. P. 33(d)(2)).

INTERROGATORY NO. 14: Please provide in table form the quantity of Accused Products sold for each different Product Lot Code assigned to the Accused Product and the Bill-of-Material Identifier(s) assigned to the Product Lot Code. If, and to the extent that you do not track or maintain a Bill-of-Material Identifier for a given Product Lot Code, you are requested to Identify the supplier purchase order or invoice.

[exemplar of table format for the requested information]

OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:

[General Objections]

Feit Electric further objects to this interrogatory to the extent it seeks information that is not within Feit Electric's possession, custody, or control. Feit Electric does not have a database that records all of the lot codes for its products. Lot codes for Feit Electric products are assigned by Feit Electric's contract manufacturers. Feit Electric does not "assign" "Product Lot Codes" to "Bill-of-Material Identifier(s)." Feit Electric further objects to the third sentence (third subpart) of this interrogatory as vague and ambiguous with respect to the phrase "Identify the supplier purchase order or invoice" to the extent (1) that Feit Electric's suppliers do not issue purchase orders to Feit Electric and Feit Electric does not issue invoices to its suppliers, and (2) there is no object of the "the supplier purchase order or invoice," i.e., the supplier purchase order or invoice for what? Feit Electric further objects to this interrogatory as unduly burdensome and imposing undue expense to the extent this interrogatory is construed or intended to require Feit Electric to generate documents or collect information in a format or formats that Feit Electric does not generate or collect in the ordinary course of its business. *See* FED. R. CIV. P. 26(b)(1). Feit Electric states that it is without sufficient information to respond to this interrogatory.

## THE PARTIES' POSITIONS

### Lexington's Arguments

With respect to the RFPs, Lexington's primary contentions are that Feit has failed to produce documents, has not given a date certain for when it will produce the responsive documents, and has, by its objections, sought to redefine the scope of discoverable information.

(Joint Stip. at 2.) Lexington argues that Feit improperly seeks to limit the scope of discovery to the forty-four (44) Accused Products identified in its infringement contentions. (*Id*. at 12.) Lexington contends that its infringement contentions "also referred to other sources to identify Accused Products," and argues that its infringement contentions include the following Accused Products:

1. Forty-four products by model number, description, and SKYU
2. Additional products that constitute the 'same light bulb' as those specifically identified (by model number, description, and SKYU) but that are packaged in different quantifies (two-pack, four-pack, etc.)
3. Additional products that constitute the 'same light bulb' as those specifically identified (by model number, description, and SKU) but that are packaged for different sales channels (e.g., Home Depo vs. Costco)
4. Additional products that use the same LEDs as those products identified above

(*Id*. at 12.) For purposes of the Motion, Lexington maintains that "everything is subsumed in Lexington's infringement contentions." (*Id.*) As to category 1, Lexington argues that Feit has refused to produce documents for the produced "that Lexington identified by model number, description, and SKU except for the actual 'lot code identifiers' that Lexington analyzed." (*Id*. at 12-13.) Lexington states that for categories 2 and 3, Feit has not presented a dispute, but has not produced any responsive documents." (*Id.* at 13.)

As to Interrogatory Nos. 13-14, Lexington argues that Feit provided "no substantive responses," Feit's numerous objections are improper, and by way of its objections, Feit has "re-defined the scope of the Accused Products to change the scope of Lexington's Interrogatories." (*Id.*)

Finally, Lexington relies heavily (and quotes extensively) from an unpublished tentative decision of Magistrate Judge Steve Kim in an unrelated patent matter where Feit was not a party*, Seoul Semiconductor Co., Ltd., et al. v. Bed Bath and Beyond, Inc.*, Case No. CV 18-3837-PSG (SK). (*See*, *e.g.*, Joint Stip. at 14-16.)[2]

---

[2] The Court finds the unpublished *tentative* order of U.S. Magistrate Judge Kim from August 27, 2019 in *Seoul Semiconductor* of little persuasive value. Not only is Judge Kim's order not a final decision in that matter, and thus

**Feit's Arguments**

Feit responds, as it has in opposition to previous motions to compel, that Lexington is at fault for causing any delay in obtaining discovery because, "Lexington delayed in providing lot codes for the accused products. Those lot codes are fundamental to Lexington's infringement allegations, and thus, set the bounds of discovery." (Joint Stip. at 2.) Feit also objects that Lexington seeks information not relevant to the claims and defenses in the action and unduly burdensome to the extent the RFPs seek documents concerning any products other than 44 specifically named Accused Products. (*Id*. at 21.)

To the extent Lexington's infringement contentions include additional products "that use the same LEDs as [the 44 identified Accused Products]," Feit argues that Lexington's "catch all" language does not properly expand Lexington's infringement contentions to other products using the same LEDs. (*Id.* at 22.) Feit, citing *Samsung SDI Co., Ltd. v. Matsushita Elec. Indus. Co., Ltd.*, Case No. CV 05-8493-AG (SHx), 2007 WL 4302701 (C.D. Cal. June 27, 2007), argues that the "permissible scope of discovery . . . is tied to Lexington's [infringement] contentions." (Joint Stip. at 22.) Thus, Feit maintains that "the proper scope of discovery is limited to the specific products that Lexington has identified by name, model number and lot code." (*Id.* at 23.)

**ANALYSIS**

**A. Legal Standard**

A party may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Rule 26(b)(1) identifies six factors to be considered when determining if the proportionality requirement has been met, namely, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Relevant information need not be admissible to be discoverable. *Id.*

//

of no precedential value, but Feit was not a party to the underlying litigation and was responding to a third-party subpoena pursuant Federal Rule of Civil Procedure 45. (*See* Katz Decl. ¶ 2, Ex 10.)

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). The party seeking to compel production of documents under Rule 34 has the "burden of informing the court why the opposing party's objections are not justified or why the opposing party's responses are deficient." *Best Lockers, LLC v. Am. Locker Grp., Inc.,* Case. No. SACV 12-403-CJC (ANx), 2013 WL 12131586, at *4 (C.D. Cal. Mar. 27, 2013). District courts have broad discretion in controlling discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**B. Lexington's RFP Nos. 51-75**

**i. The Scope of Relevant Information is Not Limited by "Lot Codes"**

Although Rule 26 generally allows a liberal scope for discovery, in patent cases, the scope of discovery may be limited by the patentee's infringement contentions. *See Samsung*, 2007 WL 4302701, at *2 (affirming Magistrate Judge's order denying motion to compel discovery of products not specifically identified in preliminary infringement contentions). Here, Feit relies on *Samsung* to argue that Lexington is only entitled to discovery related to 44 products specifically identified as "Accused Products" and for which Feit has now received "lot codes." (Joint Stip. 25-26.) Lexington rejects Feit's contention that Lexington identified the Accused Products by "lot codes" and that those "lot codes" set the boundaries of relevance as to the infringement allegations at issue in the operative FAC. (*See* Joint Stip. at 10.)

In the RFPs, Lexington defines "Accused Products" as:

> Any devices, or categories of devices, identified, either by category or by specific model identifier, in any (1) complaint (including amended complaints), (2) infringement contentions (including supplemental infringement contentions), or (3) otherwise identified as infringing in this litigation by Plaintiff. The term "Accused Products" shall also include those products differing from other Accused Products by way of packaging or package quantity, and specifically includes (without limitation) those part numbers identified in FEIT-SALES-OO1 through FEIT-SALES-OO9. The term "Accused Products" . . . shall also include all successor and predecessor devices.

(Declaration of Robert D. Katz ("Katz Decl."), Ex. 1 at p. 6-7.) As noted above, in a patent case, discovery may be narrowed by the patentee's infringement contentions. Here, Lexington's Preliminary Infringement Contentions state:

> Lexington contends that Defendant's infringement of the '851 patent is vast and that many of Defendant's products infringe. Due to the sheer number of products bearing different model numbers sold by Defendant that use LED lighting, production of individual claim charts for each accused instrumentality is not feasible. The attached claim charts should be exemplary and are intended to explain *how* Defendant infringes the '851 patent.

(Katz Decl., Ex. 11 at 4 (emphasis in original).) Lexington then lists 44 individual Feit products with SKU numbers that Lexington contends "may be representative of the Accused Products that infringe in the same manner." (*Id.* at 6.) As is apparent, the definition for "Accused Products" in the RFPs essentially restates the definition provided in Lexington's Preliminary Infringement Contentions. (*See* Katz Decl., Ex. 1 at 3.)

Given the description of "Accused Products" set out in Lexington's preliminary infringement contentions, the Court finds that the information Lexington seeks in RFP Nos. 51-75 is relevant and proportionate to the needs of this infringement case. FED. R. CIV. P. 26(b)(1). RFP No. 51 asks Feit to produce documents that identify "any other products that include the same LED Components" used in the Accused Products, while RFP Nos. 52-59 largely seek additional related information about the Accused Products, including "each Product Lot Number" (RFP No. 52); "each Bill-of-Material Identifier" (RFP No. 53); the "LED Part Numbers(s) used in [each] Product" (No. 54); the "Bill-of-Material Identifier(s) for each Product Lot Number" (RFP No. 55); and the "number of LED Components used in each product" (RFP No. 56); the "number of LED Components used for each Product Lot Number" (RFP No. 57); and "for each Product Lot Number of each Accused Product, documents sufficient to identify the manufacturer(s) and/or source(s) of the LED Components used in that Product Lot Number" (RFP No. 59). (Katz Decl. ¶ 2, Ex. 1.)

Feit uniformly objects to RFP Nos. 51-59, and Lexington's Second RFPs generally, as unduly burdensome and seeking information that is not relevant. Feit specifically objects that the RFPs seek information "outside the scope of discovery" because it seeks information about Feit "products that have not been properly accused in infringement allegations or contentions." (*See,*

*e.g.,* Joint Stip. at 6.) The Court first notes that the information requested is plainly relevant. RFP Nos. 51-75 seek information directly pertinent to the LED Components at issue in the case and the identification of Feit's products that include allegedly infringing components that embody the patent-in-suit.

RFP Nos. 60-75 seek information largely related to damages arising from sales of Feit products that contain the infringing LED Components, including purchase orders (RFP Nos. 60, 61, 62); total revenues from the sales of Accused Products that including the infringing LED Components (RFP Nos. 63, 64, 65); per piece costs for the LED Components (RFP Nos. 66, 67, 69); total quantities sold of Feit Products that have the same LED Part Number used in the Accused Products (RFP No. 71); total revenues generated from sales of Feit products containing the same LED Part Number as the Accused Products (RFP No. 72); total quantity of products sold that have same LED Part Number as the Accused Products (RFP No. 73); for each product Lot Number for each Accused Product the total quantity of Feit products sold (RFP No. 74); and Bills-of-Materials for each Accused Product sufficient to show the total quantity of products sold (RFP No. 75). (Katz Decl., Ex. 1.)

Contrary to Feit's assertions, *Samsung* does not preclude the discovery sought in the RFPs. Indeed, the information that the RFPs seek regarding other Feit products that include the allegedly infringing LED components falls within the preliminary infringement contentions.[3] In addition, *Samsung* is distinguishable, as Lexington emphasizes in its Supplemental Memorandum, because in that action, the parties had a "prior agreement that discovery would be limited to the specific products listed in the infringement contentions. (Supp. Mem. at 1 (citing *Samsung,* 2007 WL 4302701, at *3).) The Court is aware of no such agreement between the parties in this case.

More importantly, in *Samsung*, the Magistrate Judge was not persuaded that there was "a reasonable basis to suspect that additional products allegedly infringe[d] the patents-in-issue."

[3] Feit emphasizes that Judge Gutierrez "ordered that the patent rules of Judge Kronstadt shall control this action" which require that a party separately identify for each asserted claims, each Accused Instrumentality and that the identification "shall be as specific as reasonably possible." (Joint Stip. at 27 (citing S.P.R. 2.1.2).) In analyzing the Motion, the Court takes Lexington's preliminary infringement contentions on their face and expresses no opinion as to the adequacy of the preliminary infringement contentions. To the extent Feit challenges whether the preliminary infringement contentions satisfy the requirements of S.P.R. 2.1.2, that issue is not before the Court and is outside the scope of the present Motion.

*Samsung,* 2007 WL 4302701, at *3. Here, however, Lexington's preliminary infringement contentions not only identify specific *known* products that allegedly infringe the patent-in-suit, but Lexington outlines in detail, *how* other Feit products may infringe the patent-in-suit and describes those products as ones that constitute the "same light bulb" as identified in the 44 products listed but are packaged in different quantities or "packaged for different sales channels (*e.g.*, Home Depot vs. Costco)"; or other Feit products that use the same LED components as those identified in the 44 listed products. (Joint Stip. at 12 (citing Ex. 11).) Thus, the Court has no difficulty in concluding that there is a reasonable basis for Lexington to believe that other Feit products of the types described in the preliminary infringement contentions also infringe. *See e.g., Panavision Imaging, LLC v. OmniVision Techs. Inc.*, 2010 WL 1157883, at *5 (C.D. Cal. June 7, 2010) (distinguishing *Samsung* and finding plaintiff had a "reasonable basis' to "suspect that the uncharted products infringe").

Accordingly, Feit's objections that the information is not relevant are overruled. Furthermore, Feit fails to demonstrate any burden imposed by the RFP, this is particularly so as the information about any additional infringing products is uniquely within Feit's access.

Unlike the RFPs that seek information regarding the specific infringing instrumentality, RFP Nos. 58 and 71 seek documents sufficient to identify the manufacturers or source(s) of the LED Components for each LED Part Number used in any Accused Product. (*Id.*) For that reason, RFP Nos. 58 and 71 give the Court pause both as to relevance and proportionality. It is not apparent to the Court at this juncture how the identity of third-party manufacturers or "other sources" of the LED Components is relevant or proportionate here. The information is not necessary to identify any Feit product that includes the infringing instrumentality based on the preliminary infringement contentions. Feit interposes objections on the grounds of relevance, undue burden, and that the information is not within its possessions, custody and control:

> For some of its products, Feit Electric may not have sufficient documents to determine the identity of the source or manufacturer of any "LED Component" because Feit Electric purchases some, but not all "LED Components," directly. In other cases, that information may only be in the possession of Feit Electric's contract manufacturers. Feit Electric also objects to this request as it is substantially the same as Request for Production No. 58.

(Katz Decl., Ex. 3 at 32.)

As an initial matter, the Court agrees with Feit that RFP No. 71 is essentially duplicative of RFP No. 58. Both requests seek documents identifying manufacturers or other sources of product that include the infringing LED Components. In the Joint Stipulation, Lexington does not specifically address RFP Nos. 58 and 71. Instead, Lexington frames its arguments broadly in terms of the RFP Nos. 51-75 as a whole. (*See* Joint Stip. at 2.) Furthermore, on January 22, 2020, Judge Gutierrez granted Feit's motion for judgment on the pleadings as to allegations of contributory infringement with prejudice. (Dkt. No. 69.) As noted above, the party seeking to compel production of documents under Rule 34 has the "burden of informing the court why the opposing party's objections are not justified or why the opposing party's responses are deficient." *Best Lockers, LLC v. Am. Locker Grp., Inc.,* Case. No. SACV 12-403-CJC (ANx), 2013 WL 12131586, at *4 (C.D. Cal. Mar. 27, 2013). Here, Lexington makes no argument about the relevance of either RFP Nos. 58 or 71. In the absence of any argument or evidence to demonstrate the relevance and/or proportionality of RFP Nos. 58 and 71, the Motion is DENIED as to these RFPs.

**ii. Feit Must Provide Supplemental RFP Responses that Comply with Rule 34**

Lexington seeks to compel supplemental responses to the entirety of its Second RFPs. (Joint Stip. at 15-18.) Lexington argues that supplemental responses are required because Feit has not stated whether it is withholding documents based on its objections, has not unambiguously stated whether it has no responsive documents in its possession, custody or control, and has not stated when it will produce responsive documents. (*Id.*)

In 2015, Rule 34 was amended to require that a responding party must state whether it is withholding documents subject to its objections. FED. R. CIV. P. 34 ( b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). Feit's responses do not comply with Rule 34.

In many of Feit's responses to the RFPs, Feit states that it does not have responsive documents in its possession custody or control because of the specific nature of its business model. Feit explains that it has contracts with third parties who may provide LED packages for Feit products, but Feit has limited or no information about those LED packages:

//

//

> In some cases, Feit Electric buys finished lighting products from contract factories who are responsible for selecting and purchasing the LED packages used in those products. For some of those products, Feit Electric has some limited information about the LED packages in the products, but for others, it has none. In other cases, Feit Electric purchases LED packages, and Feit Electric sells or consigns those LED packages to contract factories for their use in Feit Electric's products.

(Joint Stip. at 4-5.) Feit contends that even when it has "some information about the LED packages . . . Feit often does not know for certain which LED packages are in which Feit Electric product and even the same model number can have different LED packages." (*Id.* at 5.) Finally, Feit maintains that it "does not know and does not record the model, type, or manufacturer of the LED die used in the LED packages in its products. . . . Feit has no information about the structure of the LED die." (*Id.*)

Lexington argues, however, that if Feit has a contractual right to request the information from its manufacturers, then Feit should produce such documents even if they are not in Feit's immediate possession or custody. (Joint Stip. at 15.) Feit responds that it does not have any such contractual right with its manufacturers. (*Id.* at 37.) The Court does not have sufficient information before it to assess the nature of Feit's contractual relationships with its manufacturers and cannot order a party to produce documents that are not in its possession custody or control. *Rangel v. Latraille,* 2013 WL 3282942, at *10 (E.D. Cal. June 27, 2013) (noting court cannot order a party to produce documents not in their possession, custody or control). But even so, Feit's ambiguous responses are improper and must be supplemented.

Feit must provide amended responses within ten (10) days of the date of this Order, that clearly state whether the information is outside Feit's contractual ability to obtain and Feit must outline what efforts it has made to attempt to locate any responsive documents. *Active Rain Corp., v. Move, Inc.,* 2008 WL 11343022, at *3 (C.D. Cal. May 8, 2008) ("To the extent that defendant contends that it has no documents in its possession, custody or control with respect to a particular request, defendant shall serve amended responses so stating and describing the reasonable search efforts undertaken to locate responsive documents.")

//

//

Feit states that it "has agreed to produce purchase orders and invoices for LEDs that it consigned to its contract factories." (Joint Stip. at 36.) But Lexington argues that Feit has yet to produce any responsive documents. To the extent Feit not yet produced documents in response to RFP Nos. 51-75, Feit must provide a reasonable date certain by which it will complete its production. This requirement was also included in the 2015 amendments to the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 34(b)(2)(B) and 2015 advisory committee note ("The production must be completed either by the time for inspection specified in the request or by another reasonable time specifically identified in the response. When it is necessary to make the production in stages the response should *specify the beginning and end dates of the production*." (emphasis added)); *see also Evox Prods. v. Kayak Software Corp*., Case No. CV 15-5053-PSG (AGRx) 2016 WL 10586303, at *4. (C.D. Cal. June 14, 2016) (granting motion to compel further responses to document requests where responding party "[did] not specify the date for completion of its production.").

Accordingly, the Motion is GRANTED as to Lexington's Second RFPs with the exception of RFP Nos. 58 and 71.

**C. Lexington's Interrogatory Nos. 13 and 14**

Interrogatory Nos. 13 and 14 seek information on the quantity of Accused Products sold for each discrete LED Part Number used in the Accused Products (No. 13) and "the quantity of Accused Products sold for each different product Lot Code assigned to the Accused Product and the Bill-of-Material Identifier(s) assigned to the Product Lot Code" (No. 14). Alternatively, if Feit does not track sales for each Accused Product, Lexington asks for information on "Defendant's *purchases* of the Accused Products from its suppliers." (No. 13 (emphasis in original).) If Feit does not track or maintain information based on a Bill-of-Material Identifier for a given Product Lot Code" Feit is asked to "Identify the supplier purchase order or invoice." (No. 14.)

Feit objects that the interrogatories are vague and ambiguous, impose undue burden and expense on Feit and seek information that is "not within [Feit's] possession, custody or control." (Joint Stip. at 42-43.) In response to Interrogatory No. 13, Feit further responds that it "*believes* some of the answers to this interrogatory" may be found by examining business records and the burden of ascertaining the answer "will be substantially the same for either party." (Joint Stip. at

43 (emphasis added).) But Feit neither identifies the responsive business records nor indicates how the information about the sales/purchases of its *own* products is equally available to either party. In response to Interrogatory No. 14, Feit responded only with objections that the interrogatory is unduly burdensome, imposes undue expense to the extent it would "require [Feit] to generate documents or collect information in a format or formats that [Feit] does not generate or collect in the ordinary courts of its business." Feit states that "it is without sufficient information to respond to this interrogatory." (*Id*. at 44.)

The information sought in Interrogatory Nos. 13 and 14 is relevant to damages and proportionate to the needs of the case. FED. R. CIV. P. 26(b)(1). But Feit has provided obfuscatory and evasive responses. Rule 33 provides an option of producing business records in response to an interrogatory, but the responding party must specify "the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." FED. R. CIV. P. 33(d)(1).

Feit's response to Interrogatory No. 13 does not comply with Rule 33(d)(1). Feit does not identify with specificity any particular documents from which the Lexington can obtain the information. Instead, Feit "reserves the right to identify responsive documents and things once those documents and things have been produced in discovery." (Joint Stip. at 43.) Feit's conditional response is improper.

Accordingly, the Motion is GRANTED as to Interrogatory No. 13. Within ten (10) days of the date of this Order, Feit must provide supplemental response to Interrogatory No. 13 that either identifies the documents that provide the requested information as required by Rule 33(d)(2) or provides a complete narrative response.

Interrogatory No. 14 asks Feit to provide information about the quantity of Accused Products sold based on "each different Product lot Code assigned to the Accused Product and the Bill-of-Material Identifier assigned to the Product Lot Code." (Joint Stip. at 43.) Feit responds that it does not "have a database that records all of the lot codes for its products. Lot codes for [Feit's] products are assigned by [Feit's] contract manufacturers. [Feit] does not 'assign' 'Product Lot Codes' to 'Bill-of-Material Identifier(s).'" (*Id.* at 44.) Feit is not obligated to generate

documents it does not otherwise use in its business operations in order to respond the interrogatory. Consequently, the Motion is DENIED as to Interrogatory No. 14.

**D. Lexington's Request for Reasonable Expenses**

Lexington argues that it should be awarded its reasonable fees incurred in bringing the Motion as monetary sanctions for Feit's refusal to respond to discovery. (Joint Stip. at 20.) Lexington argues that Feit's failure to respond to the RFPs and Interrogatory Nos. 13 and 14, and Feit's "numerous unsupported objections" to Lexington's discovery requests – and refusal to withdraw those objections – were not consistent with the Federal Rules of Civil Procedure and "counsel's certification of the answers violated Rule 26(g)(1) without substantial justification." (Joint Stip. at 20.) Lexington also argues that Feit's failure to comply with its discovery obligations have needlessly delayed the litigation and increased the litigation costs. (*Id.*)

When, as here, a motion is granted in part and denied in part, Rule 37 provides that the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5))C). As discussed above, the instant Motion is granted with respect to each of Lexington's discovery requests except for RFP Nos. 58 and 71 and Interrogatory No. 14. Nevertheless, Feit has interposed a litany of unsupported objections to the majority of Lexington's discovery requests and Feit's wholesale refusal to produce documents in response to the RFPs, even those that clearly seek information about the Accused Products that is relevant and proportionate to the needs of the case is not substantially justified.

Accordingly, Lexington may bring a regularly noticed for an award of an allocation of reasonable fees, including attorneys' fees incurred in bringing the Motion. Lexington may schedule a hearing on the motion consistent with the Court's regular hearing calendar. Briefing on the fee motion will be governed by the local rules.

**CONCLUSION**

For the reasons outlined above, IT IS HERBY ORDERED that the Motion is GRANTED as to Plaintiff's RFP Nos. 51-57, 59-71, and 72-75, and Interrogatory No. 13. The Motion is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 18-10513-PSG (KSx) Date: August 10, 2020

Title *Lexington Luminance LLC v. Feit Electric Company, Inc.*

DENIED as to RFP Nos. 58 and 71 and Interrogatory No. 14. **Within ten (10) days** of the date of this Order:

(1) Feit shall serve Amended Responses to Lexington's RFP No. 51-75 and Lexington's Interrogatory No. 13 that fully comply with this Order;
(2) Feit must commence production of documents responsive to RFP Nos. 51-57, 59-71, and 72-75;
(3) Feit's Supplemental Responses to Lexington's Second RFPs shall specify a date certain no later than 35 days after the date of this Order when Feit will complete its production of responsive documents; and
(4) Lexington may file a regularly noticed motion for an award of reasonable fees, including attorney fees, incurred in bringing the Motion.

**IT IS SO ORDERED.**

:

**Initials of Preparer** gr